65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcia Amelia DIAZ DE LA VEGA-CABRERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70075.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1995.*
Decided Aug. 21, 1995.
 
 1
 Before: D.W. NELSON and T.G. NELSON, Circuit Judges and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Petitioner Marcia Amelia Diaz de la Vega-Cabrera ("Diaz") appeals the decision of the Board of Immigration Appeals ("BIA") refusing to grant asylum pursuant to 8 U.S.C. Sec. 1101(a)(42)(A) or to grant withholding of deportation pursuant to 8 U.S.C. Sec. 1253(h). Diaz argues that the BIA erred by (1) finding that the alleged threat of persecution was not particular to her; (2) finding that her fear of persecution was not well-founded; and (3) based on its conclusion that she did not qualify for asylum, finding a fortiori that she was not entitled to withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a. We affirm.
 
 I. ASYLUM
 A. Standard of Review
 
 4
 We review the BIA's decision whether or not to grant asylum for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). We review de novo the legal questions regarding the requirements for establishing eligibility for asylum. Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994). We review the factual findings underlying the BIA's decision for substantial evidence. Berroteran-Melendez, 955 F.2d at 1255; Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988). Under this standard, the petitioner must show "that the evidence he presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution." Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).
 
 B. Asylum Eligibility
 
 5
 To be eligible for asylum, Diaz must establish that she is a refugee based on a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1158(a); 8 U.S.C. Sec. 1101(a)(42)(A). Diaz must demonstrate both an objective and subjective fear of persecution. Berroteran-Melendez, 955 F.2d at 1256. The subjective component is satisfied by an applicant's "candid, credible, and sincere testimony" demonstrating a genuine fear of persecution. Id. (quoting Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987)). The objective component requires "credible, direct and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Id. (quoting Rodriguez-Rivera, 848 F.2d at 1002 (emphasis in the original)). A well-founded fear may exist even when there is a one-in-ten possibility of persecution. Beltran-Zavala v. INS, 912 F.2d 1027, 1030 (9th Cir.1990).
 
 1. Well-Founded Fear of Persecution
 
 6
 Diaz argues that the BIA erred by finding that she did not satisfy the objective component of the "well-founded fear of persecution" requirement. Diaz argues that the finding by the Immigration Judge ("IJ") that "she has failed to submit any evidence or testimony which would indicate that she would be a person of particular interest to the [Shining Path] if she were to remain or return to Peru" is not supported by substantial evidence.
 
 
 7
 The well-founded fear standard requires that the alien show that he or she faces a particularized threat of persecution. Kotasz, 31 F.3d at 851-52. To satisfy this requirement, a petitioner cannot simply prove that there exists a generalized or random possibility of persecution in his native country; "he must show that he is at particular risk--that his 'predicament is appreciably different from the dangers faced by [his] fellow citizens.' " Id. at 852 (quoting Vides-Vides v. INS, 783 F.2d 1463, 1469 (9th Cir.1986)). A petitioner can prove that he or she is at a particular risk if the petitioner "establishes that there is a pattern or practice in his country .... of persecution of groups of persons similarly situated to the applicant on account of ... political opinion; and ... establishes his own inclusion in and identification with such group of persons such that his fear of persecution upon return is reasonable." 8 C.F.R. Sec. 208.13(b)(2)(i)(A)(B). In such a case "the more egregious the showing of group persecution--the greater the risk to all members of the group--the less evidence of individualized persecution must be adduced." Kotasz, 31 F.3d at 853.
 
 
 8
 Diaz argues that as a teacher, she is a member of a defined group which is persecuted by the Shining Path for refusing to cooperate with its demands. In order to prevail, Diaz must prove that either the Shining Path has systematically persecuted teachers or, in the case of non-pattern persecution, she is likely to be persecuted on account of "her activities in support of the group, or ... is a member of a certain element of the group that is itself at greater risk of persecution than is the membership of the group as a whole." Kotasz v. INS, 31 F.3d 847, 853 (9th Cir.1994); See Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987). A petitioner seeking asylum must "present 'specific facts' through objective evidence to prove either past persecution or 'good reason' to fear future persecution." Aguilera-Cota v. INS, 914 F.2d 1375, 1378-79 (9th Cir.1990) (quoting Cardoza-Fonseca v. INS, 767 F.2d 1448, 1453 (9th Cir.1985)), aff'd, 480 U.S. 421 (1987).
 
 
 9
 Diaz did not establish that teachers are systematically persecuted by the Shining Path. The only evidence presented by Diaz is her testimony that the Shining Path "in other schools, have killed the teachers." When asked if she knew the circumstances surrounding the alleged killings, Diaz replied: "Well, maybe one of them resisted and that's why he was killed." Her testimony is insufficiently direct and specific to establish persecution let alone persecution of teachers as an identifiable group. See Lopez v. INS, 775 F.2d 1015, 1016 (9th Cir.1985) (denying relief to petitioner who testified that family members were killed but failed to provide evidence as to the circumstances of their deaths).
 
 
 10
 Because Diaz failed to prove that teachers as a group are systematically persecuted, she must make a greater showing of individualized persecution. See Kotasz, 31 F.3d at 853. This she has failed to do. Diaz presented no evidence that she was distinguishable from the other teachers detained by the Shining Path, or was ever individually threatened; nor did she claim that she had engaged in any activity that would place her in a greater risk. See Mendez-Efrain, 813 F.2d at 813 (holding that a petitioner who failed to establish that his social group was systematically persecuted and also failed to provide "evidence of specific threats, harassment, or violence" against him was ineligible for asylum). Also undermining Diaz's claim is her testimony that neither she nor her brother were confronted or harmed by the Shining Path in the two months following the visit when they instructed the teachers to distribute propaganda, during which she continued to teach at the same school, or in the six months that she remained in Peru. See Rodriguez-Rivera, 848 F.2d at 1006 (holding that evidence that the petitioner's family remains unpersecuted in his native country is relevant in assessing a request for asylum or withholding of deportation and undercuts a claim of well-founded fear of persecution). Thus, Diaz has not established that she has "good reason" to fear future persecution because she was an uncooperative teacher in the past.
 
 2. Persecution Based on Political Opinion
 
 11
 Diaz contends that she faces persecution on the basis of her political opinion for refusing to represent the views of the Shining Path. To be eligible for asylum, the petitioner must establish that he or she was persecuted on account of one or more of the five statutory grounds. 8 U.S.C. Sec. 1101(a)(42)(A). To gain asylum for persecution based on political opinion " 'where the petitioner may not have overtly given any expression to [her] [political] opinions,' she must demonstrate that there is a significant 'relationship between the victim and persecutor' and that she engaged in 'sufficiently conscious and deliberate' decisions or acts which attributed certain political opinions to her." De Valle v. INS, 901 F.2d 787, 791 (9th Cir.1990) (quoting Desir v. Ilchert, 840 F.2d 723, 728 (9th Cir.1988)).
 
 
 12
 Diaz has presented no evidence that the Shining Path imputed a political opinion to her. See Estrada-Posadas, 924 F.2d at 919 (holding that if a petitioner has not shown that her alleged persecutors have attributed political opinions to her as a result of any deliberate action on her part, "[n]o reason therefore exists to presume that any persecution ... would be on account of political opinion"). From Diaz's testimony that the Shining Path asked the teachers to distribute propaganda, it appears that the Shining Path approached the teachers in order to use them as instruments through which they could indoctrinate others. See Bartesghi-Lay v. INS, 9 F.3d 819, 822 (10th Cir.1993) (holding that a merchant marine who was approached by a revolutionary group to smuggle drugs would be persecuted on account of his profession, not his political opinion). Evidence in the record further corroborates this scenario. A.R. at 75 (Department of State's Bureau of Human Rights and Humanitarian Affairs letter which lists several types of victims attacked by the Shining Path (including educators), but notes that the group's "choice of victims does not appear to be the result of their personal political views"). Diaz has not produced any evidence that the Shining Path knew of her refusal to cooperate or would persecute such teachers on that basis. Because Diaz cannot prove that she was persecuted or faces future persecution "on account of" her political opinion, she is ineligible for relief. Elias Zacarias, 502 U.S. at 482 (1992).
 
 
 13
 Finally, given our deferential review of the BIA, we cannot conclude that the BIA's evaluation is not supported by substantial evidence. Estrada-Posadas, 924 F.2d at 918. Accordingly, we find that the BIA did not abuse its discretion in finding that Diaz was not eligible for asylum.
 
 II. WITHHOLDING OF DEPORTATION
 
 14
 We review the BIA's refusal to grant withholding of deportation for substantial evidence. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). It is mandatory for the Attorney General to withhold deportation "if the Attorney General determines that such alien's life or freedom would be threatened ... on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1253(h). To be entitled to such relief, however, the petitioner must show a " 'clear probability' " that he or she will be persecuted upon return to his or her native country. Estrada-Posadas, 924 F.2d at 920 (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)). Because Diaz failed to demonstrate a well-founded fear of persecution required for asylum, she cannot meet this more stringent standard for withholding of deportation. Prasad, 47 F.3d at 340; De Valle, 901 F.2d at 790.
 
 CONCLUSION
 
 15
 For the reasons stated above, the PETITION is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3