**Jose Enrique LOPEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 83–7761.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 3, 1985.

Decided Oct. 31, 1985.

---

Sandra Pettit, Immigrants' Rights Office, Los Angeles, Cal., for petitioner.

Marshall T. Golding, Dept. of Justice, Washington, D.C., for respondent.

Before WALLACE, CANBY and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Petitioner Jose Lopez is a citizen of El Salvador found deportable in 1981. He petitions for review of a final order of the Board of Immigration Appeals denying his request for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we deny his petition.

Lopez contends that the Board erred in requiring him to establish his asylum claim by a "clear probability of persecution" rather than by a standard of "well-founded fear of persecution."

Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) (1982), allows "refugees" to be granted asylum in this country. The Act defines "refugee" as including a person having a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1982). We have held that the "well-founded fear" standard of section 208(a) is "more generous" and "more liberal" than the "clear probability of persecution" test. *Bolanos-Hernandez v. INS,* 767 F.2d 1277, 1282–83 (9th Cir.1985) (amending 749 F.2d 1316); *see INS v. Stevic,* 467 U.S. 407, 104 S.Ct. 2489, 2498, 81 L.Ed.2d 321 (1984).

 The "clear probability of persecution" test applies to petitions for withholding of deportation under section 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h) (1982). That provision prohibits the Attorney General from deporting any alien who can show that "it is more likely than not" that he will be persecuted if returned to his country. *INS v. Stevic,* 104 S.Ct. at 2498; *Sarvia-Ouintanilla v. INS,* 767 F.2d 1387, 1392 (9th Cir. 1985).

An asylum request must be distinguished from a petition for withholding of deportation and the governing standards of evidence are significantly different. However, in this case, the Board of Immigration Appeals expressly stated that "our conclusion is the same whether we apply the standard of 'clear probability' or a *lesser standard,* such as a 'good reason'...." (Emphasis added.) We agree that Lopez has simply failed to establish substantive evidence of fear of persecution under any standard.

 Asylum applicants must present "specific facts" through objective evidence to prove either past persecution or "good reason" to fear future persecution. *Cardoza-Fonseca v. INS,* 767 F.2d 1448, 1453 (9th Cir.1985), *citing Carvajal-Munoz v. INS,* 743 F.2d 562, 574 (7th Cir.1984). The only evidence on the asylum issue was the application and Lopez' uncorroborated testimony before the immigration judge.

 Lopez departed El Salvador before the outbreak of civil war hostilities and admitted in testimony that he left for economic reasons. Although he testified that close relatives in El Salvador have been killed and injured, he disclaimed any knowledge as to the circumstances of their deaths. He failed to provide any evidence that these were civil war casualties as opposed to common criminal violence.

He argues that his political neutrality will place him in danger from opposing forces on both sides in the civil war. However, Lopez did not make an affirmative choice of political neutrality. *Compare Bolanos-Hernandez,* 767 F.2d at 1286–87 & n. 18 (asylum applicant was aware of contending political forces and made a conscious and deliberate choice not to join ei-

ther warring faction) *with Saballo-Cortez v. INS,* 761 F.2d 1259, 1264 & n. 3 (9th Cir.1985) (asylum applicant had simply failed to take any political position). Rather his testimony evinces apathy, saying he does not oppose the government nor support the rebels and has no opinion on how the country should be governed. Nor has Lopez set forth any specific evidence indicating that he has any reason to believe he might be persecuted for failing to take sides. *See Chavez v. INS,* 723 F.2d 1431, 1434 (9th Cir.1984).

Finally, Lopez argues that he would be subject to persecution for religious views as an active member of the Catholic church. That issue simply was never raised below. Neither his application nor his testimony indicated any fear of religious persecution. He merely acknowledged that he was a Catholic communicant.

In sum, the fear Lopez expressed was not of the possibility of individual persecution but rather of the dangers inherent in the general conditions of upheaval in El Salvador. *See Chavez,* 723 F.2d at 1434. As the immigration judge noted, under Lopez' theory, nearly the entire population of El Salvador would qualify for asylum in the United States.

▆▆▆ Lopez additionally asserts that he was denied due process by virtue of ineffective assistance of counsel. Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. *See Paul v. INS,* 521 F.2d 194, 198–99 (5th Cir.1975). The fact that counsel represented several aliens simultaneously at a preliminary hearing where no merits evidence was presented simply does not rise to the level of significance. The record clearly shows that the attorney consulted with each person individually before entering pleas. At the merits hearing, Lopez' counsel asked him open-ended questions giving him a full opportunity to present his evidence.

The petition is DENIED.