947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddy Emmanuel CORNEILLE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-70445.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1991.
Decided Oct. 22, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Eddy Emmanuel Corneille, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals ("BIA") decision affirming in part and reversing in part the judgment of the immigration judge ("IJ"). The BIA affirmed the IJ's decision finding Corneille deportable pursuant to 8 U.S.C. § 1251(a)(4), due to his California state convictions for lewd and lascivious conduct upon a child and sexual battery. The BIA reversed, however, the IJ's grant of a waiver of deportability pursuant to 8 U.S.C. § 1182(c). The court has jurisdiction to hear this case under 8 U.S.C. § 1105a(a). We affirm.
 
 I. Due Process
 
 3
 Corneille contends that because his Order to Show Cause ("OSC") incorrectly identified the proper ground for deportation, this case must be remanded to the BIA for a determination of whether additional deportation charges should be entered in accordance with the requirements of 8 C.F.R. § 3.28. According to Corneille, a failure to do so would violate his due process rights. Corneille did not make this argument to either the IJ or the BIA.
 
 
 4
 The OSC charged that Corneille was subject to deportation pursuant to section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4), because he had been convicted of a crime involving moral turpitude committed within five years after entry, and sentenced to confinement in a prison for a year or more. Further, it is clear from the face of the OSC that Corneille could not be subject to deportation based on that specific ground because it stated he entered the U.S. in 1978 and committed the crimes in 1985. It is undisputed that the OSC did not charge Corneille with "being convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct" at any time after entry into the United States. 8 U.S.C. § 1251(a)(4).
 
 
 5
 It is well-settled that "[a]bsent overriding justification, an alien must exhaust his administrative remedies prior to seeking review of a deportation order." Vargas v. United States Dep't of Immigration, 831 F.2d 906, 907 (9th Cir.1987). See also 8 U.S.C. § 1105a(c). The alien is required to raise the issue on appeal first to the BIA, otherwise, he has failed to exhaust remedies with respect to that question and we have no jurisdiction to decide the matter. Id. at 907-08. While due process claims are often excepted from this requirement because the BIA does not have jurisdiction to decide constitutional claims, the alien must show that his due process claim does not involve a "procedural error" that was correctable by the administrative tribunal. Id. at 908.
 
 
 6
 If Corneille had raised the issue of the facially defective OSC to the IJ, the INS would have been permitted to amend the OSC to include the additional basis for deportation, see 8 C.F.R. § 3.28, and Corneille would have had the opportunity to respond to that charge. See 8 C.F.R. § 242.16(d). At his deportation hearing before the IJ, Corneille never raised the issue of the facially defective OSC. Further, upon appeal to the BIA, Corneille failed to challenge the IJ's determination that "[r]espondent through counsel, has admitted the allegations contained in the [OSC], therefore conceding deportability." It is clear that Corneille failed to exhaust his administrative remedies with respect to this question, further, he has failed to show that his due process claim did not involve a "procedural error." As was the case in Vargas, "without such a showing, we have no jurisdiction to consider the merits of his claim." Vargas, 831 F.2d at 908.
 
 
 7
 Corneille also claims that because his attorney failed to contest the finding of deportability to the BIA on appeal, he was denied his right to effective assistance of counsel. The alien's right to counsel in a deportation hearing is grounded in the fifth amendment guarantee of due process. Magallanes-Damian v. I.N.S., 783 F.2d 931, 933 (9th Cir.1986). To establish a claim of ineffective assistance of counsel under the fifth amendment, Corneille must show that the assistance was so ineffective that it "impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." Id. Further, "[p]etitioners are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances." Id. To prevail on his claim of ineffective assistance of counsel, Corneille must show that because of the conduct of his attorney, the proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case." Lopez v. I.N.S., 775 F.2d 1015, 1017 (9th Cir.1985).
 
 
 8
 This is simply not the situation before us. In this case, Corneille's application for a waiver of deportation under section 212(c), 8 U.S.C. § 1182(c), was granted by the IJ. This decision was appealed to the BIA by the INS. At the time of the appeal to the BIA, Corneille was in a much better position with the finding by the IJ that he should be granted a waiver of deportability pursuant to section 212(c), than he would have been with a decision by the IJ that the OSC failed to state the proper ground upon which he was subject to deportation. Had that been the situation, it would have been a very simple matter for the INS to add the proper basis for deportation in compliance with the requirements of 8 C.F.R. §§ 3.28 and 242.16(d). It is quite likely that Corneille's attorney made a tactical decision to pursue the waiver of deportability, a much stronger argument, rather than pursue the procedural error by the INS requiring it to state the proper ground for deportation. These actions by Corneille's attorney did not render the proceedings fundamentally unfair, thereby preventing Corneille from presenting his case. It is apparent that the substance of his case was based in his claim for a waiver of deportation. Accordingly, Corneille's claim that he was denied due process because of ineffective assistance from his attorney must fail.
 
 II. Denial of Waiver
 
 9
 Corneille contends that the BIA abused its discretion by denying him a waiver of deportation pursuant to 8 U.S.C. § 1182(c). We review the BIA's decision to deny discretionary relief from deportation under an abuse of discretion standard. Vargas, 831 F.2d at 908. "This court should set aside a BIA decision to deny such relief only if the board fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Id.
 
 
 10
 Here, in its decision and order, the BIA set forth the correct legal standard upon which the determination of whether to grant a waiver of deportation should be made. See, e.g., Matter of Marin, 16 I & N Dec. 581 (BIA 1978); Matter of Edwards, Interim Decision 3134 (BIA 1990); Matter of Buscemi, Interim Decision 3058 (BIA 1988). Further, the BIA's decision sets forth a careful and thorough discussion of all the circumstances of this case and applies the proper legal standard to those circumstances. It is clear from the BIA's written decision that it considered all of the evidence offered by Corneille to support his claim that his case presented unusual or outstanding equities militating against deportation. Nonetheless, in a proper exercise of its discretion, the BIA determined that Corneille's conduct of continuous sexual abuse of his son was so repugnant that it could not be mitigated by the equities. See Buscemi, Interim Decision 3058 at 5 ("An alien who demonstrates unusual or outstanding equities, as required, merely satisfies the threshold test for having a favorable exercise of discretion considered in his case; such a showing does not compel that discretion be exercised in his favor.").
 
 
 11
 We find that the BIA supported its conclusion to deny relief with a reasoned explanation based upon legitimate concerns. Accordingly, it did not abuse its discretion when it denied the waiver of deportation.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3