Enrique J. DIAZ, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–70977.
Agency No. A75–304–667.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Nov. 17, 2003.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., Office of Immigration Litigation, Norah Ascoli Schwarz, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FARRIS, TROTT, Circuit Judges, and WEINER,** Senior District Judge.

MEMORANDUM ***

Enrique J. Diaz, a native and citizen of Mexico, petitions for review of the BIA's decision summarily affirming the IJ's denial of his application for cancellation of removal and adjustment of status pursuant to INA § 240A, 8 U.S.C. § 1229(b). We affirm.

■ Diaz argues the BIA erred in affirming the IJ's conclusion that his deceased child did not meet the definition contained in INA § 240A(b), 8 U.S.C. § 1229b(b), of a "child" who would experience "exception and extremely unusual hardship" due to his deportation. Diaz never raised this issue before the BIA. Accordingly, we have no jurisdiction to address it. *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997) ("Failure to raise an issue below constitutes failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter.").

■ The other issue raised by Diaz is that he was denied due process in his removal hearing because the BIA failed to inform him that one of his attorneys had been suspended from practice before the Board during the pendency of his removal proceedings.[1] Although Diaz cites to cases such as *United States. v. Ahumada–Aguilar*, 295 F.3d 943, 947 (9th Cir.2002) (Congress has expressly provided that an alien has the right to representation by counsel at no expense to the government; failure to accord that right may be an abuse of discretion and, if sufficient prejudice is shown, a due process violation), to support his argument that he was denied due process because he was "denied" counsel, the record does not support this assertion. Diaz was represented by two attorneys, Miguel Gadda and William Gardner. Both entered their appearance, jointly, on March 15, 1999.[2] Only Gadda was suspended from practice, effective October 2, 2001. There is nothing in the record to suggest that Attorney Gardner had withdrawn his representation. Diaz was never unrepresented, and thus never "denied" counsel due to the BIA's failure to inform him that Gadda had been suspended.

■ We also find no due process violation arising from what is, essentially, an ineffective assistance claim arising from the Gadda suspension. "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his

---

** Hon. Charles R. Weiner, Senior District Judge for Eastern Pennsylvania sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This issue was also not raised before the BIA. However, an exception to the exhaustion doctrine has been carved out for constitutional challenges to INS procedures because the BIA has no jurisdiction to adjudicate constitutional issues. *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994).

2. Gadda had also entered a solo appearance on January 27, 1998.

case." *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 9th Cir.1985)). However, such a due process challenge to a deportation proceeding requires a showing of prejudice to succeed. *Rodriguez–Lariz*, 282 F.3d at 1226 (citing *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir.1994). Diaz makes no cogent argument that Gadda's suspension rendered his proceeding fundamentally unfair or resulted in prejudice.

AFFIRMED.