Baghrat VARTANIAN; Albert Vartanian; Ashken Vartanian; Ruzanna Vartanian, Petitioners,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–74358.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 2004.**

Decided April 2, 2004.

Howard R. Davis, Esq., Van Nuys, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Lagu-

---

\* The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

na Niguel, CA, Los Angeles District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Hillel Smith, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Petitioner Baghrat Vartanian appeals the Board of Immigration Appeals' ("BIA") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We affirm.

Where, as here, the BIA affirms the IJ's decision without issuing an opinion, we review the IJ's ruling for substantial evidence. *He v. Ashcroft*, 328 F.3d 593, 595–96 (2003). The decision must be upheld unless the evidence would compel a reasonable adjudicator to reach a contrary result. 8 U.S.C. § 1252(b)(4)(B).

■ The IJ's decision was based primarily on his finding that the Vartanians fled Azerbaijan as a result of civil war, not persecution. The Ninth Circuit has held that, while the existence of general civil unrest does not preclude asylum eligibility, a claim based solely on general civil strife or widespread random violence is not sufficient. *Baballah v. Ashcroft*, 335 F.3d 981 (9th Cir.2003); *Lopez v. INS*, 775 F.2d 1015 (9th Cir.1985).

The encounter with the Azeri soldiers was a one-time event. No evidence showed that Vartanian or his wife were physically injured or required medical care. Vartanian testified that he was never physically mistreated before or after the encounter and that he and his family continued to live in Azerbaijan for nearly two years without incident. In light of these facts, the record does not compel the conclusion that the mistreatment rose to the level of persecution.

■ The IJ did not abuse his discretion by taking into account the State Department country reports on Azerbaijan and Armenia. If no past persecution is established, the "IJ and the BIA are entitled to rely on all the relevant evidence in the record, including a State Department report." *Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002). The 1997 country report on Armenia stated that "[i]n the territory of Nagorno–Karabakh itself, ethnic Armenians are in full control." The report found that the Azeris and Armenians "largely continue to observe" the 1994 cease-fire agreement and that "there are few casualties." These facts cast doubt on Vartanian's well-founded fear claim and provide substantial evidence for the IJ's decision. *INS v. Ventura*, 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

■ It was also reasonable for the IJ to have considered the Vartanians' experiences in Armenia and Russia in connection with their asylum petitions. Federal regulations provide that in exercising discretion, an IJ may consider an asylum applicant's opportunity to resettle in a third country. *Andriasian v. INS*, 180 F.3d 1033, 1039–40 (9th Cir.1999) (*citing* 8 C.F.R. § 208.13(d)).

■ The Vartanians' counsel said that he had "no objection" to the addition of Armenia as an alternate country of depor-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tation, so the petitioner's argument regarding the addition is waived.

Because he is not eligible for asylum, Vartanian necessarily fails to satisfy the more stringent standard for withholding of removal. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION DENIED.**