Victor Abadilla DORIA, a.k.a. Victor Doria, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74371.

Agency No. A38–985–426.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2004.

Decided April 27, 2004.

Sergei Shevchenko, Joseph L. Feldun, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Paul Fiorino, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before NOONAN, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM *

Victor Abadilla Doria, a native of the Phillippines, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the IJ's denial of a continuance after his attorney failed to appear or file any documents in support of his application for a misrepresentation waiver. He contends, first, that the IJ abused his discretion in denying him a continuance, and, second, that his case should be remanded to the BIA and in turn, to the IJ, because his attorney's actions constituted ineffective assistance of counsel. Doria also applies for a stay of voluntary departure.

We deny the petition but hold that Doria's period of voluntary departure is stayed until the issuance of the mandate. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

## I.

■ Doria contends that the IJ's denial of a continuance denied him his statutory rights to a full and fair hearing on the merits of his case and to be represented by counsel of his choice. Aliens in removal proceedings are entitled to a reasonable opportunity to present evidence on their own behalf. *See* 8 U.S.C. § 1229a(b)(4)(B) (1999). They also have a statutory right to counsel of their choice, at no expense to the government. *See* 8 U.S.C. § 1362 (1999); 8 C.F.R. § 240.3 (1999). Although these are statutory rights, due process may be implicated if the prejudice to the alien is sufficiently great. *See United States v. Ahumada–Aguilar*, 295 F.3d 943, 947 (9th Cir.2002) (citing *Castro–O'Ryan v. INS*, 847 F.2d 1307, 1312–13 (9th Cir. 1988)).

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 3.29 (1999). Whether an IJ properly denied a continuance is a question which "must be resolved on a case by case basis

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

according to the facts and circumstances of each case." *Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988). Relevant considerations include (1) the convenience of the immigration court; (2) the nature of the evidence presented and its importance to the alien's claim; (3) whether the need for the continuance is due to unreasonable conduct on the part of the alien; and (4) the number of prior continuances granted the alien and their duration. *Id.* at 92–93. We review a denial of a continuance for abuse of discretion. *Rios–Berrios v. INS*, 776 F.2d 859, 862 (9th Cir.1985).

Applying these factors: Doria had not been granted any other continuances. The need for the continuance was allegedly due to no fault of Doria's but to his attorney's unprofessional behavior. Although the convenience to the court is a factor that might weigh against Doria, the IJ did not explicitly base his denial on this consideration.

Doria has not demonstrated, however, that he was prevented from presenting evidence important to his claim. While Doria was impeded by the absence of his counsel from presenting evidence at the hearing itself, the IJ did provide him with an opportunity to submit evidence, in the form of a motion to reopen, that would support his waiver application. The IJ "specifically informed" Doria that he would "entertain a motion to reopen … within the next thirty days, if [Doria] wants to file one showing why his attorney was not here and *that there is evidence to support his application.*" Doria has not supplemented the administrative record with *any* evidence that he could have presented, despite the IJ's invitation. Instead, Doria filed a motion to reopen but did not include any evidence that would have supported

his waiver application, despite agency regulations requiring that motions to reopen be accompanied by such evidence. *See* 8 C.F.R. § 3.23(b)(3) (1999) (requiring that motions to reopen before the IJ "be accompanied by the appropriate application for relief and all supporting documents"); *see also* 8 C.F.R. § 3.2(c)(1) (1999) (requiring that motions to reopen before the BIA be accompanied by the same). Because the IJ expressly gave Doria the opportunity to present his evidence in connection with a motion to reopen, and because he failed to do so, there is no basis in the record for concluding that the denial of a continuance denied him his right to present available evidence on his behalf.

Nor did the denial of a continuance deny Doria his counsel of choice. Rather, he had counsel, but his counsel failed to appear at the hearing. Again, the IJ indicated that a counseled hearing would be available if Doria showed on a motion to reopen why counsel had not appeared and what evidence could have been presented. Doria's motion to reopen recognized that there had been no denial of the right to counsel, as it alleged only ineffectiveness of counsel, not denial of the right to counsel.

We therefore conclude that the IJ did not abuse his discretion in refusing to grant a continuance.

## II.

■ Doria claims, separately, that his case should be remanded to the BIA and in turn, to the IJ, because his attorney's actions constituted ineffective assistance of counsel. A denial of a motion to reopen is reviewed for abuse of discretion. *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003).[1]

1. Under 8 C.F.R. 3.2(c)(4) (1999), a motion to reopen before the IJ that is pending, as was the case here, at the time appeal is taken to

the BIA may be deemed a motion to remand. "Such motion may be consolidated with, and

"Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1226 (9th Cir.2002) (quoting *Lopez v. INS,* 775 F.2d 1015, 1017 (9th Cir.1985)) (internal quotation marks omitted). However, due process is only violated if the attorney's deficiency prejudiced the alien. *See id.*

Doria is unable to make the requisite showing of prejudice. His motion to reopen was not accompanied by a waiver application or any supporting documents. The record contains no evidence to establish that had his attorney performed competently, Doria would have been prima facie eligible for a misrepresentation waiver. Because Doria has failed to point to the evidence that he would have submitted, he is unable to establish prejudice from any deficient performance by his attorney. *See Ortiz v. INS,* 179 F.3d 1148, 1153–54 (9th Cir.1999) (concluding that the aliens were unable to demonstrate prejudice from their counsel's performance where they had not proffered any evidence showing that they would be eligible for asylum, and citing cases).

Accordingly, we hold that the BIA did not abuse its discretion in denying Doria's motion to reopen on ineffectiveness of counsel grounds.

### III.

On April 15, 2003, this court entered a temporary stay of removal pending the disposition of this appeal. Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 743–44, Slip Op. 4897, 4901 (9th Cir.2004), Doria's motion for stay of removal included a timely request for stay of voluntary departure.

Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal. This stay will expire upon issuance of the mandate.

The petition is DENIED.

considered by the Board in connection with, the appeal to the Board." *Id.*