

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2004

# Eholy v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3379

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Eholy v. Atty Gen USA" (2004). *2004 Decisions.* Paper 482.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/482

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3379

AYEMOU EHOLY,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
UNITED STATES OF AMERICA,

Respondent

_____

ON PETITION FOR REVIEW OF THE JULY 16, 2003 ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(Agency No. A-72-378-429)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 16, 2004
Before: SLOVITER, BARRY and WEIS, Circuit Judges.

Filed: July 20, 2004

_____

OPINION

_____

WEIS, Circuit Judge.

Petitioner, a citizen of the Ivory Coast, appeals from the BIA decision denying

his motion to reopen or reconsider its previous order. He entered this country in February

1

1990 on a business visa authorizing him to remain until March 20, 1990.

In June 1996, petitioner was charged with overstaying his visa. He applied for asylum and was given a hearing before an IJ who denied the application. The IJ found that petitioner was not credible and did not reach the merits of his asylum claim.

The decision was affirmed by the BIA on March 4, 2003. Petitioner then moved to reopen the decision, renewing his application for asylum based on changed country conditions. The BIA denied that motion as well.

Petitioner was born in 1958 in the Ivory Coast. He married an American citizen while the deportation proceedings were underway, but the parties are now separated. His mother and eight siblings still live in a village in the Ivory Coast.

Petitioner testified that he graduated from a high school operated by the Jesuit order as preparation for entering the seminary. In his application for asylum, however, he claimed that he was an ordained priest. His explanation for this contradiction was that a Muslim friend had prepared the application and had not understood the situation.

Petitioner also testified that he was beaten by the police for his participation in a student strike in 1976. On another occasion, he asserted that he was detained by police for a day and beaten. The application for asylum contains no information on these alleged arrests.

According to the petitioner's testimony, after these incidents the Archbishop in the area suggested that petitioner abandon his plans to enter the priesthood. He did so and

2

became a leader in a local youth group dedicated to bible study and proselytizing. Allegedly, the Archbishop blacklisted petitioner from employment and it was not until 1981 that he secured a clerical position with Air Africa. He worked for that company until 1989 when a physical condition caused him to terminate the employment.

The IJ found it incredible that the Archbishop had blacklisted and persecuted petitioner. The IJ also noted that the application for asylum lacked any reference to the youth group, although such information was requested.

Our review of the transcript of the hearing reveals other incidents of inconsistent and contradictory testimony, which the IJ commented upon in his determination that petitioner lacked credibility. We cannot say that the IJ lacked a basis for his ruling.

We acknowledge that there is a great deal of unrest in the Ivory Coast at this time, but there is no credible evidence that petitioner would be singled out for persecution because of his religion or membership in any group. See, e.g., Lopez v. INS, 775 F.2d 1015, 1017 (9th Cir. 1985).

The petition for review will be denied.

3