Armando Gabriel GONZALEZ–
VILLEGAS, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Armando Gabriel Gonzalez–
Villegas, Petitioner,

v.

Alberto R. Gonzales, Attorney
General, Respondent.

No. 04–73115, 05–75395.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 18, 2006.

Decided Sept. 1, 2006.

Vicky J. Dobrin, Esq., Dobrin & Han, LLC, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Joan E. Smiley, Esq., Carl H. McIntyre, Jr., Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Armando Gonzalez–Villegas petitions for review of a decision of the Board of Immigration Appeals ("BIA") that affirmed the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

Immigration Judge's ("IJ") denial of Gonzalez–Villegas's motion to reopen a final order of removal. We have jurisdiction over this matter under 8 U.S.C. § 1252(a)(1), (a)(2)(D). We hold that Gonzalez–Villegas was prevented from reasonably presenting his case because of the ineffective assistance of counsel, and we grant the petition. The facts are known to the parties and we do not recite them here.

An alien has been denied due process because of the ineffective assistance of counsel "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.1985). If the alien was unable to present a claim for relief, the alien must only demonstrate that he had a "plausible ground for relief" to prevail on an ineffective assistance claim. *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir.2006).

Here, Gonzalez–Villegas's lawyer, Michael Johnson–Ortiz, pursued an ineffective gubernatorial pardon instead of seeking treatment under the Federal First Offender Act, 18 U.S.C. § 3607. It is at least "plausible" that Gonzalez–Villegas would have been eligible for Federal First Offender treatment. *See Lujan–Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir.2000) ("[T]he benefits of the [Federal First Offender] Act [are] extended to aliens whose offenses are expunged under state rehabilitative laws, provided that they would have been eligible for relief under the [Federal First Offender] Act had their offenses been prosecuted as federal crimes."). As a result of attorney Johnson–Ortiz's defective advice, Gonzalez–Villegas accepted voluntary departure, waived appeal, and subsequently overstayed the voluntary departure period. Gonzalez–Villegas was undoubtedly prevented from reasonably presenting his case, and he had a plausible ground for relief.[1]

We GRANT the petition for review, and REMAND to the BIA with instructions to remand the case to the IJ to grant the motion to reopen based on ineffective assistance of counsel. The IJ should determine in the first instance whether Gonzalez–Villegas's expunged conviction qualifies for Federal First Offender treatment, consistent with *Lujan–Armendariz*, 222 F.3d 728.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because we grant the petition for review based on ineffective assistance of counsel, we do not address: (1) whether Gonzalez–Villegas was adequately notified of the consequences of failing to depart voluntarily, (2) whether the IJ failed to inform Gonzalez–Villegas of apparent eligibility for relief, or (3) whether Gonzalez–Villegas was prejudiced by the BIA's failure to provide a copy of the immigration court transcript.

