**NGHI XUAN TRAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75383.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 26, 2007.

Michael T. Purcell, Esq., Portland, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Office of the District Counsel Department of Homeland Security, Portland, OR, M. Jocelyn Lopez Wright, Esq., Song Park, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Nghi Xuan Tran, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying his motion to reopen his removal proceedings. We review the denial of motions to reopen for abuse of discretion and we review due process claims de novo. *See Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We grant in part, and deny in part, the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The BIA erred by denying as untimely Tran's special motion to seek relief under former section § 212(c), 8 U.S.C. § 1182(c). *See* 8 C.F.R. § 1003.44(h) (establishing an April 26, 2005 deadline for such motions). The BIA's failure to address the motion to reopen as a special motion pursuant to 8 C.F.R. § 1003.44 was an abuse of discretion and we remand for further proceedings. *See Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005).

■ The BIA did not abuse its discretion by concluding that Tran had not established ineffective assistance of counsel. *See Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir.2003) (no claim for ineffective assistance where an alien was unable to demonstrate both a deprivation of due process and resulting prejudice). Nothing in the record demonstrates that Tran was actually deprived of due process. *See Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.1985) (ineffective assistance of counsel is a denial of due process "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case").

**PETITION FOR REVIEW GRANTED in part and DENIED in part; REMANDED.**