Elena **SALDIVAR**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

Nos. 05–70937, 05–72096, 05–77176.

United States Court of Appeals, Ninth Circuit.

Argued and Submission Deferred Jan. 12, 2007.

Submitted April 20, 2007.

Filed April 24, 2007.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jocelyn Lopez Wright, Song E. Park, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Nancy L. Tompkins, Esq., Townsend Townsend & Crew, LLP, San Francisco, CA, for Petitioner.

Before: HUG and W. FLETCHER, Circuit Judges, and HOLLAND *, District Judge.

### MEMORANDUM **

Petitioner Elena Saldivar is a native and citizen of Mexico who has three minor United States citizen children. On appeal, Petitioner has consolidated three petitions for review. We grant petition No. 05–77176, the BIA's denial of Petitioner's mo-

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion to reopen based on ineffective assistance of counsel and deny the others as moot.

We review claims of due process violations due to ineffective assistance of counsel de novo. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lin v. Ashcroft,* 377 F.3d 1014, 1023 (9th Cir.2004) (quoting *Lopez v. INS,* 775 F.2d 1015, 1017 (9th Cir.1985)). An ineffective assistance of counsel claim requires Petitioner to prove: (1) counsel failed to perform with sufficient competence, and (2) Petitioner was prejudiced by her counsel's performance. *Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004).

Upon her counsel Martin Resendez Guajardo's advice, Petitioner married the father of her children, directly resulting in her forfeiture of any chance at obtaining the visa for which she was eligible as an unmarried child of a lawful permanent resident. Based on her father's application on her behalf, she had a priority date of July 8, 1991, for such a visa. There is no statutory family-sponsored visa preference for married children of lawful permanent residents. Later Guajardo admitted he "made a big mistake" in advising Petitioner to marry. Guajardo thus provided incompetent advice. Although Petitioner was removable regardless, this incompetent advice—and Guajardo's unwillingness to reveal it—may have affected the outcome of her removal proceedings. As part of the IJ's hardship assessment, he explicitly held against Petitioner the fact that she chose to have children despite knowing there was a high risk of deportation. However, at the time she had children,

Petitioner had reason to be hopeful that she would receive a visa, thanks to her father's pending application; eight of her siblings did successfully obtain visas through him. It was only after having had children that she forfeited her chance of obtaining a visa as the unmarried daughter of a lawful permanent resident, as a result of following Guajardo's advice to marry. Because the IJ in his hardship assessment specifically criticized Petitioner for her decision to have children, Guajardo's failure to inform the IJ about his own role in creating Petitioner's situation calls the hearing's fairness into question. Because we hold that Guajardo's incompetent performance may have affected the outcome of the proceedings, *Mohammed,* 400 F.3d at 793–94, we GRANT the petition and remand to the BIA with direction to reopen.

**Petition No. 05–77176 GRANTED.**