MEMORANDUM ***
Elvin Nischal Kumar (“Kumar”), a native and citizen of Fiji, raises an ineffective assistance of counsel challenge to a final order of removal issued by the Board of Immigration Appeals (“BIA”), dismissing his appeal from the Immigration Judge’s (“IJ”) denial of requests for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”).[1]
In Kumar’s “Motion to Remand Based on Ineffective Assistance of Counsel” filed with the BIA, Kumar challenged the IJ’s ruling because of his prior counsel’s failure to introduce adequate evidence pertaining to country conditions in Fiji and Kumar’s past persecution and fear of future persecution there, but neither the motion nor the opening brief before the BIA challenged the finding that Kumar was convicted of “a particularly serious crime.”[2] That argument is therefore waived. See Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir.2000) (requiring an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA).
Even assuming arguendo that the IJ’s findings on past persecution or fear of future persecution might be mistaken, this *928 “particularly serious crime” finding would render Kumar ineligible for asylum, see INA §§ 208(b)(2)(A)(ii), (B)(i); 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i), or withholding of removal, see INA §§ 241(b)(3)(A), (B)(ii); 8 U.S.C. §§ 1231(b)(3)(A), (B)(ii).
Therefore, even if Kumar could show that his proceeding was “fundamentally unfair,” see Lopez v. INS, 775 F.2d 1015, 1017 (9th Cir.1985), he cannot show that any inadequacy in his former counsel’s efforts to convince the IJ that Kumar faced past or future persecution resulted in prejudice.[3]
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Kumar’s request for CAT protection was denied because he did not assert government involvement in the alleged persecution against his family. Kumar does not appeal this aspect of the BIA's decision.

. The motion acknowledged Kumar's past violations, but merely asserted without citation or argument that Kumar was nevertheless “clearly and unambiguously eligible for Withholding of Removal and Article 3 relief.”

. Given this resolution, we have no need to address Kumar's failure to comply with Matter of Lozada, 19 I. & N. Dec 637, 639 (BIA 1988), by providing an affidavit "describing in detail [his] agreement with counsel.”