BYBEE, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that we lack jurisdiction to review the BIA’s denial of Petitioners’ motion to reopen based on new evidence of hardship, and that Petitioners’ failure to exhaust their procedural due process arguments preclude them from raising them before us at this time. The majority also correctly determines that we have jurisdiction over Petitioners’ ineffective assistance of counsel claim. The majority veers off course, however, in finding that Petitioners met the heavy burden of demonstrating that counsel who represented Petitioners in proceedings before the Immigration Judge (“IJ”) performed inadequately.
An alien subject to a final order of removal may be entitled to a new hearing if prior counsel’s performance was so deficient that it resulted in “proceeding[s] ... so fundamentally unfair that the alien was prevented from reasonably presenting his case.” Jie Lin v. Ashcroft, 377 F.3d 1014, 1023 (9th Cir.2004) (quoting Lopez v. INS, 775 F.2d 1015, 1017 (9th Cir.1985)). In light of this high standard, overturning the BIA’s fact-finding on this issue requires more than the analysis the majority performed here.
While the performance of Petitioners’ counsel before the IJ was far from exemplary, the record supports the BIA’s finding that counsel’s performance was not so poor as to deprive Petitioners of the opportunity to fairly present their case. With the guidance of counsel, Petitioners were able to establish that they met all of the criteria for withholding of removal, save for “exceptional and extremely unusual hardship” to a qualifying relative. 8 U.S.C. § 1229b(b)(l)(D). Both Petitioners testified about the hardship their removal would impose on Ms. Alonzo’s parents, although the parents themselves did not testify. Petitioners’ counsel also presented a *762 report on the psychological condition of Petitioner’s daughter by her psychiatrist, but the psychiatrist was not called to testify. Had counsel called on the parents and the psychiatrist to testify, Petitioners might have been able to put forward a marginally stronger case on hardship. But the relevant question is whether failure to call these witnesses prevented Petitioners from “reasonably presenting [their] case,” Jie Lin, 377 F.3d at 1023, not whether counsel failed to present their best case.
Because Petitioners cannot show that counsel’s performance was constitutionally inadequate, it was not necessary for the BIA to address prejudice. I therefore would deny the petition for review with respect to the ineffective assistance of counsel claim.