**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ILIR OSMANI,<br><br>          Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>          Respondent. | Nos.   14-70291<br>           14-71181<br>           14-73738<br><br>Agency No. A089-100-067<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 2, 2016
Anchorage, Alaska

Before: FISHER, PAEZ and HURWITZ, Circuit Judges.

   Petitioner Ilir Osmani petitions for review of the denial by the Board of

Immigration Appeals (BIA) of his applications for asylum, withholding of removal

and protection under the Convention Against Torture, and the subsequent denials

of his motions to reconsider and reopen.  We have jurisdiction under 8 U.S.C.

§ 1252 and we dismiss all three petitions.

---

[*]This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

1. We review the agency's adverse credibility determinations for substantial evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1087-88 (9th Cir. 2011). Here, the Immigration Judge (IJ) concluded Osmani was not credible in part because he did not present a clear timeline for his party membership or the stabbing he allegedly suffered at the hands of members of the opposing party, and because he appeared evasive when asked to explain inconsistencies in his testimony regarding his passport. Substantial evidence supports these two grounds, which the BIA adopted in affirming the IJ's decision. Under the REAL ID Act, an IJ may base an adverse credibility determination on inconsistencies in an applicant's testimony, as well as his demeanor and apparent evasiveness. *See Shrestha v. Holder*, 590 F.3d 1034, 1043 n.4, 1044 (9th Cir. 2010).

2. We review for abuse of discretion the BIA's denial of a motion to reconsider or reopen. *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008). Here, the BIA did not abuse its discretion in denying Osmani's motion to reconsider, because he failed to raise the alleged deficiencies in the transcript on his initial appeal to the BIA and otherwise sought only to reargue issues previously addressed without specifying any error of fact or law in the BIA's earlier decision. *See* 8 C.F.R. § 1003.2(b)(1). Nor did the BIA abuse its discretion in declining to reconsider its earlier decision sua sponte in light of the gaps in the hearing

2

transcript. Although the state of the transcript is troubling, the gaps do not affect our ability to review Osmani's testimony, and Osmani does not explain how a better transcription would have affected the outcome of his claim. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143-44 (9th Cir. 2004).

3. When faced with an ineffective assistance of counsel claim in the immigration context, we review questions of law and claims of due process violations de novo and findings of fact regarding counsel's performance for substantial evidence. *See Lin v. Ashcroft*, 377 F.3d 1014, 1023-24 (9th Cir. 2004). Here, we conclude the BIA did not abuse its discretion in denying Osmani's motion to reopen. Whether or not Osmani complied with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), substantial evidence and our own review of the record support the BIA's conclusion that Osmani's counsel's performance did not render the "proceeding . . . so fundamentally unfair that [Osmani] was prevented from reasonably presenting his case," *Lin*, 377 F.3d at 1023 (internal quotation mark omitted) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985)). The BIA found Osmani's attorney represented him adequately at the hearing, filed a well-written closing argument and gave Osmani a full and fair opportunity to present his case. We agree.

**PETITIONS FOR REVIEW DENIED.**