**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARCO ANTONIO PALMA-BELLO, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 14-70017 15-70146 Agency No. A088-353-894 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2017**
Pasadena, California

Before: LINN,*** BERZON, and M. SMITH, Circuit Judges.

I

The Board of Immigration Appeals ("Board") properly dismissed Marco

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Palma-Bello's ("Palma-Bello") appeal from the denial of Palma-Bello's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

## A

Substantial evidence supports the Board's conclusion that neither changed nor extraordinary circumstances justify Palma-Bello's late-filed asylum application.

All asylum applications must be filed within one year of the applicant's most recent entry into the United States. 8 U.S.C. § 1158(a)(2)(B). Palma-Bello filed his asylum application in 2013, several years after his most recent entry into the United States in 2007. His filing was well after the one-year deadline set forth in the statute.

Late filings may nevertheless be considered due to "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B)." 8 U.S.C. § 1158(a)(2)(D). Palma-Bello, however, has failed to identify any "changed circumstances" or other "extraordinary circumstances" that would excuse his late filing. *See* 8 C.F.R. § 208.4(a)(4)(i) (defining "changed circumstances").

Palma-Bello contends that his failure to file the application within the one-year period was the result of "[s]erious illness or mental or physical disability, including any effects of persecution or violent harm suffered in [1998 and 2007]"

and that his delay was otherwise reasonable. *See* 8 C.F.R. § 208.4(a)(5). But apart from attorney argument, Palma-Bello failed to produce any evidence to connect the persecution and harm he suffered in 1998 and 2007 with the delay in filing, or to support his contention that he suffered any illness or mental or psychological disability from those events. Moreover, Palma-Bello has not demonstrated that his nearly six-year delay in filing the asylum application was reasonable. Palma-Bello's only evidence regarding the reasons for his delay was his testimony that he was already in deportation proceedings, and that he believed—incorrectly—that only Central Americans and not Mexicans were eligible for asylum. These reasons are manifestly inadequate.

B

Substantial evidence supports the Board's determination that Palma-Bello failed to show eligibility for withholding of removal. An applicant may be eligible for withholding of removal by showing that "his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b). Palma-Bello argues that he was previously subject to persecution in 1998 and 2007 on account of his membership in the social group of "former member[s] of the Mexican military that participated in defrauding the government," and that he will likely be subject to future persecution in Mexico on that same

account.

Prior persecution on account of membership in a protected class gives rise to a rebuttable presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i). Palma-Bello, however, has failed to show that the torture he suffered in 1998 or the kidnapping he experienced in 2007 was on account of his membership in a protected group. Rather, substantial evidence supports the Board's conclusion that his 1998 torture was connected to an investigation into a fraud in which Palma-Bello admitted participating. There is no evidence that the investigation was merely a pretense for persecution for political or social reasons. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir. 2004). Nor has Palma-Bello shown that his membership in a protected group was "one of the motives" for his torture in 1998. *Singh v. Gonzales*, 439 F.3d 1100, 1112 (9th Cir. 2006), *overruled on other grounds by Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015). Substantial evidence also supports the Board's further conclusion that the 2007 kidnapping did not target Palma-Bello for political or social reasons but instead was all about collecting ransom. Indeed, the kidnappers did not even know his name or that he was a former member of the military, let alone that he allegedly was a member of a protected group. And the record is clear that the kidnappers released him immediately upon receiving the ransom. This criminal activity, even though performed by actors in uniform, is not the type of persecution that gives rise to a presumption of future persecution. *See Zetino v. Holder*, 622 F.3d

1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground.").

Palma-Bello has also failed to prove that it is more likely than not that he would suffer future persecution on account of his membership in a social group. *See* 8 C.F.R. § 1208.16(b)(1)(iii). Palma-Bello lived in Mexico City without incident for three years after the 1998 incident. Palma-Bello argues that he lived in fear for those three years due to an increased military presence near his home. Palma-Bello offers no evidence that the military presence was on his account, and his subjective fear does not undercut the Board's conclusion that he is not more likely than not to be subject to future persecution. Moreover, he received an honorable discharge from the same military that he alleges did and will persecute him in the future.

## C

Substantial evidence supports the Board's conclusion that Palma-Bello is not eligible for deferral of removal under the CAT. Palma-Bello has not shown that it is more likely than not that he would be tortured if returned to Mexico. The Board properly considered his prior torture in 1998, but concluded that it did not establish a likelihood of future torture for the reasons noted above. The correctness of the Board's conclusion is bolstered by evidence that Palma-Bello's family in Mexico has not been tortured, and that the 1998 and 2007 events were not connected.

## II

The Board did not abuse its discretion in denying Palma-Bello's motion to reopen on account of ineffective assistance of counsel.

An alien seeking to reopen proceedings bears a "heavy burden." *INS v. Abudu*, 485 U.S. 94, 110 (1988). To prevail on an ineffective assistance of counsel claim, the alien must show that the "proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case," *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985)), and that the alien was prejudiced by counsel's failures, *Ahmed v. Mukasey*, 548 F.3d 768, 771 (9th Cir. 2008).[1] While Palma-Bello has noted several omissions on counsel's part, he has failed to carry his heavy burden of showing prejudice from any alleged ineffective assistance of counsel.

Neither counsel's failure to check the box in Palma-Bello's asylum application alleging persecution due to membership in a social group, nor any other omissions by counsel, prejudiced Palma-Bello. Both the Immigration Judge ("IJ") and the Board considered all of Palma-Bello's arguments relating to his past and future persecution on account of membership in the alleged social group, notwithstanding any deficient performance by counsel. The IJ and the Board simply

---

[1] On a motion to reopen for ineffective assistance of counsel, the applicant must also generally show compliance with the procedural requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). *Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000). There is no dispute that at the time of the motion to reopen, Palma-Bello had satisfied those procedural requirements.

found his arguments unconvincing. We see no abuse of discretion in concluding on the motion to reopen that any omissions by counsel were not prejudicial.

Finally, the Board did not abuse its discretion in finding no prejudice in counsel's failure to argue that mental disability justified the untimely filing of the asylum application. As discussed above, the only justification Palma-Bello proffered for the delay was that he was already in deportation proceedings and that he did not believe that individuals from Mexico were eligible for asylum. Palma-Bello has still not provided evidence, in support of the argument in his motion to reopen, that his delay in filing his application was due to the psychological trauma of his past persecution. Palma-Bello therefore cannot show that he suffered any prejudice due to counsel's failure to justify late-filing on such grounds.

**PETITION DENIED.**