**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOURDES SOTO ARMENTA, | No. 20-71309 |
| Petitioner, | |
| v. | Agency No. A208-303-550 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2026**
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.

Lourdes Soto Armenta petitions this Court for review of the Board of

Immigration Appeals's ("BIA") dismissal of her appeal. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252. "We review denials of motions to reopen . . . for abuse of discretion and questions of law de novo." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (citation omitted); *see also Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We review the agency's factual findings for substantial evidence. *Urias-Orellana v. Bondi*, 607 U.S. __, 146 S.Ct. 845, 850–51 (2026). We deny the petition. Because the parties are familiar with the history of the case, we need not recount it here.

## I

The BIA properly concluded that Soto Armenta did not satisfy her burden of proof to show that there was a nexus between the alleged persecution and a protected ground. An applicant must show that their proposed protected ground was at least one central reason the applicant was persecuted to receive asylum and simply a reason to receive withholding of removal. *Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021); *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017).

The BIA upheld the Immigration Judge's ("IJ") finding that Soto Armenta had not established a nexus between her proposed particular social groups ("PSGs") of "single mother head of household" or "single mother in a place where the cartels are de facto government" and any harm she experienced at the hands of

the Cartel.  Instead, the BIA held that "[t]he evidence reflects that the respondent was targeted for purposes of furthering the goals of the cartel, not based on her membership in either particular social group."

As the IJ noted, multiple times within the record, Soto Armenta indicated that the Cartel targeted her because they believed she had access to money.  The record contains little evidence supporting her nexus claim.  *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (noting that either direct or circumstantial evidence can support a nexus claim but the petitioner "must provide *some* evidence" (emphasis in original)).  She provided no evidence to support her claim that she was targeted because she is a single mother.  *See e.g. Lopez v. Ashcroft*, 366 F.3d 799, 804 (9th Cir. 2004).  Thus, substantial evidence supports the agency's determination that neither of her proposed PSGs was a reason for any harm she experienced.  The lack of nexus determination is dispositive of her asylum and withholding claims.

## II

The BIA also properly dismissed Soto Armenta's ineffective assistance of counsel ("IAC") claim.  "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably

presenting [her] case." *Lin v. Ashcroft*, 377 F.3d 1014, 1023–24 (9th Cir. 2004) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985)).  Generally, to make an ineffective assistance of counsel claim, a petitioner must demonstrate that her counsel "failed to perform with sufficient competence" and prejudiced her as well as comply with the *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), factors. *Mohammed v. Gonzales*, 400 F.3d 785, 793–94 (9th Cir. 2005).

The record supports the BIA's conclusion that she did not suffer prejudice from the alleged IAC.  As the BIA observed, Soto Armenta  did not "submit new evidence" or explain how the evidence or testimony that could have been submitted "would have established her claim."  As such, the BIA reasonably concluded that she had not established the requisite prejudice.

Soto Armenta argues that the BIA misstated the standard for prejudice. However, the BIA did not clearly deviate from our prejudice standard, noting that "prejudice is found when the performance of counsel was so inadequate that it may have affected outcome" of the immigrant's case.

Because Soto Armenta failed to show her counsel's performance resulted in prejudicial error, which is dispositive of her IAC claim, we need not address her arguments regarding the *Matter of Lozada* factors.

**PETITION DENIED.**[1]

---

[1]Soto Armenta filed a motion to stay removal (Dkt. No. 1-3).  The Respondent did not oppose the motion.  A stay of removal pursuant to General Order 6.4(c) then became effective.  Given the disposition of this petition for review, the temporary stay of removal entered pursuant to General Order 6.4 (c) is lifted, effective immediately.