**CHUNG HAK HONG dba Eunice Fashion, Plaintiff,**

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY CITIZENSHIP AND IMMIGRATION SERVICES, Defendant.**

**Case No. CV 08–06434–CJC(MLGx).**

United States District Court, C.D. California, Southern Division.

Sept. 8, 2009.

Melissa S. Leibman, U.S. Dept. of Justice, Washington, DC, for plaintiff.

Joubin P. Nasseri, Law Offices, Los Angeles, CA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

CORMAC J. CARNEY, District Judge.

## INTRODUCTION

Plaintiff Chung Hak Hong dba Eunice Fashion ("Eunice Fashion") initiated this action to challenge the revocation of a Form I–140 Immigrant Petition for Alien Worker ("I–140 Petition") for Sung Ill Kim, a Korean native. Defendant United States Citizenship and Immigration Service ("USCIS") revoked the I–140 Petition after Eunice Fashion failed to respond to USCIS's request for evidence to support the validity of the petition. USCIS now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. For the following reasons, USCIS's motion is GRANTED WITH PREJUDICE.[1]

## BACKGROUND

Eunice Fashion's predecessor, CKM Industries, Inc. ("CKM"), filed an I–140 Petition on behalf of Sung Ill Kim on or about April 27, 2001. (First Amended Complaint ("FAC") ¶ 5.) CKM sought to classify Sung Ill Kim as an employment-based visa beneficiary under Section 203(b) of the Immigration and Nationality Act ("INA"). Pursuant to Section 203(b), an employer may petition for an unskilled alien to work in the United States after the Secretary of the Department of Labor issues a labor certification for the alien. 8 U.S.C. § 1153(b)(3)(C). Eunice Fashion purchased CKM when it went out of business, and Sung Ill Kim's I–140 Petition was allegedly transferred to the new company. (FAC ¶ 6.)

Subsequently, USCIS learned that Eunice Fashion's counsel, Richard Sklar, had pled guilty to immigration fraud. (Def.'s Ex. 1 at 73.) Because Mr. Sklar's arrest cast the integrity of the I–140 Petition into doubt, USCIS issued a Notice of Intent to Revoke the petition and the underlying labor certification on November 4, 2003, stating that Mr. Sklar had "obtained labor certifications for non-existent job offers, and filed Form I–140 petitions, without the knowledge and authorization of the employers listed on those documents, in order to acquire immigrant visas for aliens who had no real intention of working for the claimed employers." (Def.'s Ex. 1 at 73.) USCIS gave Eunice Fashion 30 days to produce evidence that the petition was valid, such as a legal agreement between Mr. Sklar and the company, a letter from the company verifying the signature on the labor certification, a handwriting sample of the employee's signature, and pay records for the employee. (Def.'s Ex. 1 at 73–74, 76.) After the company's new counsel, James Rosenberg, failed to respond to the request for evidence, USCIS invalidated the labor certification and revoked the I–140 Petition on December 29, 2003. (FAC ¶ 8; Def.'s Ex. 2 at 70–71.)

On September 30, 2008, Eunice Fashion brought this action to reopen the petition and adjudicate it on its merits. The Court granted with leave to amend USCIS's first motion to dismiss for lack of subject mat-

---

1. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED.R.CIV.P. 78; LOCAL RULE 7–

15. Accordingly, the hearing set for September 14, 2009, at 1:30 p.m. is hereby vacated and off calendar.

ter jurisdiction on March 18, 2009. Eunice Fashion then submitted a First Amended Complaint on May 12, 2009. Read liberally, the First Amended Complaint asserts that USCIS must reopen the I–140 Petition on two grounds. First, Eunice Fashion asserts that USCIS revoked the petition "only because of the fact that the prior attorney Rickard [sic] Sklar was associated with the case." (FAC ¶¶ 9, 10.) Second, Eunice Fashion asserts that it failed to respond to the Notice of Intent to Revoke because it did not have competent counsel. (FAC ¶ 10.) USCIS now moves to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## LEGAL STANDARD

 A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir.1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In keeping with this liberal pleading stan-

dard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995).

## ANALYSIS

 Eunice Fashion's claim that Mr. Sklar's arrest was an insufficient basis for USCIS's revocation fails because it has not alleged an abuse of discretion or any facts that would support a claim of abuse of discretion. USCIS may "at any time" revoke the approval of an I–140 Petition for what it "deems to be good and sufficient cause." 8 U.S.C. § 1155; *Tongatapu Woodcraft Haw., Ltd. v. Feldman*, 736 F.2d 1305, 1309 (9th Cir.1984). Similarly, USCIS may revoke a labor certification upon a finding of "fraud or willful misrepresentation of a material fact involving the labor certification application." 20 C.F.R. § 656.30(d). Once USCIS "has produced some evidence to show cause for revoking the petition, the alien still bears the ultimate burden of proving eligibility." *Tongatapu*, 736 F.2d at 1309. Pursuant to the Administrative Procedure Act, a reviewing court must uphold the decisions of USCIS unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *Mt. St. Helens Mining & Recovery Ltd. Partnership v. United States*, 384 F.3d 721, 727 (9th Cir.2004).

 Eunice Fashion seems to disagree with USCIS's decision, but it has not claimed that the government abused its discretion in revoking the I–140 Petition on the basis of Mr. Sklar's fraud. Even construing Eunice Fashion's First Amended Complaint as alleging an abuse of discretion, the company has not asserted any facts that support such a claim. Indeed, it is impossible for Eunice Fashion to do so because of its failure to present any evi-

dence supporting the validity of the labor certification or I–140 Petition to USCIS.[2] Thus, Eunice Fashion has failed to state a claim upon which relief may be granted.

 Similarly, Eunice Fashion's claim that the proceedings revoking the petition should be reopened because of ineffective assistance of counsel fails to state a claim because there is no right to effective assistance of counsel here. While there is a Fifth Amendment due process right to effective assistance of counsel in a deportation hearing if "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case," this right does "not extend beyond the fairness of the hearing itself." *Balam–Chuc v. Mukasey*, 547 F.3d 1044, 1050 (9th Cir.2008) (citing *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.1985)). The Ninth Circuit has recognized this limited right only in deportation or removal hearings. *Lopez v. Immigration & Naturalization Serv.*, 775 F.2d 1015, 1017 (9th Cir.1985); *Magallanes–Damian v. Immigration & Naturalization Serv.*, 783 F.2d 931, 931 (9th Cir.1986); *Ontiveros–Lopez v. Immigration & Naturalization Serv.*, 213 F.3d 1121, 1121 (9th Cir.2000). Eunice Fashion's failure to produce evidence did not occur in the context of a deportation hearing, but rather during an employer's I–140 Petition process. Although Mr. Rosenberg's failure to respond to the Notice of Intent to Revoke was regrettable, Eunice Fashion has failed to state a claim because the company does not have a due process right to effective assistance of counsel in a proceeding revoking an I–140 Petition for an employee.

In light of these conclusions, the Court need not reach USCIS's other grounds for its motion to dismiss.

## CONCLUSION

For the foregoing reasons, USCIS's motion to dismiss is GRANTED WITH PREJUDICE.

---

**2.** Eunice Fashion also claims that Sung Ill Kim's files were seized during Mr. Sklar's arrest, and that there was an "insurmountable burden of proof" to establish the validity of the petition. (FAC ¶ ¶ 7, 9.) If any necessary documents were unavailable because they had been seized, Eunice Fashion should have raised that issue with USCIS.