UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEDRO CRUZ-CARBAJAL and
ANDREA GALEANA ALONZO,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-74999

Agency Nos. A095-184-049
            A095-107-826

ORDER

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Respondent's motion to amend the memorandum disposition is granted. The

memorandum disposition filed April 25, 2011, is amended to appear as filed

concurrently with this Order. Judge Bybee's dissent is unchanged from the

original filed on April 25, 2011.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



PEDRO CRUZ-CARBAJAL; ANDREA
GALEANA ALONZO,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-74999

Agency Nos. A095-184-049
A095-107-826

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2011
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Petitioners Pedro Cruz-Carbajal and Andrea Galeana Alonzo petition for

review of the decision of the Board of Immigration Appeals (BIA) denying their

motion to reopen. As the facts and procedural history are familiar to the parties,

we do not recite them here except as necessary to explain our disposition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We lack jurisdiction over Petitioners' unexhausted procedural due process arguments, *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004), Petitioners' disagreement with the underlying hardship determination, 8 U.S.C. § 1252(a)(2)(B)(i), and Petitioners' challenge to the BIA's refusal to reopen proceedings to address new evidence of hardship, *Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir. 2006). Those claims are dismissed for lack of jurisdiction.

We have jurisdiction over Petitioners' ineffective assistance of counsel claim. *Fernandez*, 439 F.3d at 602–03. This claim is exhausted because it was properly raised in a timely motion to reopen, *see Iturribarria v. INS*, 321 F.3d 889, 896–97 (9th Cir. 2003), and, in any event, the BIA decided it on the merits, *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1186 (9th Cir. 2001) (en banc).

The BIA erred by concluding that Petitioners' counsel's performance was adequate. Petitioners submitted unrebutted evidence to the BIA that they "never met" the attorney who represented them at their final hearing before the Immigration Judge, their attorney was "unprepared and unfamiliar with [their] files," and their attorney "did not allow any of [their] witness[es] to speak to the Judge," even though the witnesses were present and prepared to testify. Petitioners' counsel failed to introduce any evidence about Petitioners' parents' hardship (though such evidence was elicited by the Government on cross-examination), and told Petitioners that it was "not . . . important" to submit

documentation about their parents' health problems.  Our cases have deemed similar conduct to constitute inadequate performance.  *E.g.*, *Morales Apolinar v. Mukasey*, 514 F.3d 893, 898–99 (9th Cir. 2008); *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1024–26 (9th Cir. 2004).  The BIA erred as a matter of law when it reached the contrary conclusion.

The BIA also erred to the extent that it addressed prejudice under a "*prima facie* eligibility" standard.  *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam).  We remand so that the BIA can address prejudice in the first instance and under the proper legal standard.  *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

Each party shall bear its own costs.

**Petition for review DISMISSED IN PART and GRANTED IN PART; REMANDED.**

*Cruz-Carbajal v. Holder*, No. 06-74999

BYBEE, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that we lack jurisdiction to review the BIA's denial of Petitioners' motion to reopen based on new evidence of hardship, and that Petitioners' failure to exhaust their procedural due process arguments preclude them from raising them before us at this time. The majority also correctly determines that we have jurisdiction over Petitioners' ineffective assistance of counsel claim. The majority veers off course, however, in finding that Petitioners met the heavy burden of demonstrating that counsel who represented Petitioners in proceedings before the Immigration Judge ("IJ") performed inadequately.

An alien subject to a final order of removal may be entitled to a new hearing if prior counsel's performance was so deficient that it resulted in "proceeding[s] . . . so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985)). In light of this high standard, overturning the BIA's fact-finding on this issue requires more than the analysis the majority performed here.

While the performance of Petitioners' counsel before the IJ was far from exemplary, the record supports the BIA's finding that counsel's performance was not so poor as to deprive Petitioners of the opportunity to fairly present their case.

With the guidance of counsel, Petitioners were able to establish that they met all of the criteria for withholding of removal, save for "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Both Petitioners testified about the hardship their removal would impose on Ms. Alonzo's parents, although the parents themselves did not testify. Petitioners' counsel also presented a report on the psychological condition of Petitioner's daughter by her psychiatrist, but the psychiatrist was not called to testify. Had counsel called on the parents and the psychiatrist to testify, Petitioners might have been able to put forward a marginally stronger case on hardship. But the relevant question is whether failure to call these witnesses prevented Petitioners from "reasonably presenting [their] case," *Jie Lin*, 377 F.3d at 1023, not whether counsel failed to present their *best* case.

Because Petitioners cannot show that counsel's performance was constitutionally inadequate, it was not necessary for the BIA to address prejudice. I therefore would deny the petition for review with respect to the ineffective assistance of counsel claim.