**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUISA IGNACIA ROJAS-LOPEZ, | No. 08-72028 |
| Petitioner, | Agency No. A096-345-965 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 9, 2012
Pasadena, California

Before: REINHARDT, SILVERMAN, and WARDLAW, Circuit Judges.

Luisa Rojas-Lopez, a native and citizen of Mexico, petitions for review of

the decision of the Board of Immigration Appeals (BIA) denying her motion to

reopen the removal proceedings against her. Rojas-Lopez's motion to reopen

raised two independent grounds: (1) that Rojas-Lopez had received ineffective

assistance of counsel during her initial appeal to the BIA, and (2) that material,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

previously unavailable evidence warranted a new hearing before the Immigration Judge (IJ) on the issue of hardship to Rojas-Lopez's U.S.-citizen children. We grant the petition as to the first ground and retain jurisdiction over the second.

The government asserts that the ineffective assistance of privately retained counsel in immigration proceedings cannot form the basis of a due process violation, and that our prior decisions have merely assumed the existence of such a due process right. This argument is baseless. For nearly three decades, we have recognized that the ineffective assistance of counsel may violate due process when it renders immigration proceedings "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985); *see also Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008).

We hold that the BIA abused its discretion in denying Rojas-Lopez's ineffective assistance claim. The evidence compels the conclusion that counsel's representation was deficient. Counsel's failure to file a brief on Rojas-Lopez's behalf clearly constituted deficient representation. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 825 (9th Cir. 2003). The BIA's apparent suggestion that no attorney-client relationship existed because counsel "filed the Notice of Appeal on behalf of the respondent *pro se*" is directly contradicted by the evidence, not the least of

2

which is counsel's own statements, in response to Rojas-Lopez's claim, that she "signed another contract with [Rojas-Lopez] to file an appeal to [the] BIA," "wrote [the] notice to appeal for her," and "still intended to take care of her case if she did follow my instructions." Further, 8 C.F.R. § 1003.102(t) makes it clear that attorneys may not prepare filings for an individual—as counsel did here with respect to the Notice of Appeal—without signing them or entering an appearance (and thus forming an attorney-client relationship).

Alternatively, even if there were no attorney-client relationship from the inception of the proceedings before the BIA, one undoubtedly became established when counsel filed a Notice of Entry of Appearance in Rojas-Lopez's case with the BIA. At that point, a brief obviously inapplicable to Rojas-Lopez's case (referring to a male petitioner who had been denied cancellation of removal on grounds different from those applicable to Rojas-Lopez) had already been filed.[1] The record reflects no efforts by counsel to rectify the situation, either by requesting that the BIA permit her to replace the brief that had been filed or to supplement it with a brief actually pertaining to Rojas-Lopez's case. It is thus beyond serious dispute that counsel's actions denied Rojas-Lopez her "right to *competent representation*,"

---

[1]It is unclear who actually filed the deficient brief, and we need not resolve that dispute here. It suffices to note that the BIA refused to consider the brief because it did not "reflect the facts of [Rojas-Lopez's] case."

*Ray v. Gonzalez*, 439 F.3d 582, 587 (9th Cir. 2006), and thus rendered the proceedings "so fundamentally unfair that [Rojas-Lopez] was prevented from reasonably presenting [her] case" to the BIA, *Lopez*, 775 F.2d at 1017.

The evidence also compels the conclusion that Rojas-Lopez was prejudiced as a result of counsel's deficient performance. The BIA asserted that no prejudice could be demonstrated because, when it denied Rojas-Lopez relief, it "fully considered" her claim, "including all of the evidence." Even if we were inclined to rely on such an assertion, it would not answer Rojas-Lopez's claim of prejudice, given that one of the contentions in Rojas-Lopez's Notice of Appeal was that she had been deprived of due process when the IJ prevented her from entering evidence into the record in the first place. The BIA recognized that, even without a pertinent brief, Rojas-Lopez's was a "close case" and that she had demonstrated "considerable" hardship. This suffices to establish that counsel's failure to file any brief on her behalf "may have affected the outcome of proceedings," and thus that Rojas-Lopez suffered prejudice. *Blanco v. Mukasey*, 518 F.3d 714, 722 (9th Cir. 2008) (internal quotations omitted).

Accordingly, we grant Rojas-Lopez's petition for review as to the claim of ineffective assistance of counsel. We remand to the BIA for the limited purposes of (1) permitting new briefing on the appeal of the Immigration Judge's decision of

March 27, 2006, denying her cancellation of removal, and (2) resolving that appeal. *See Singh v. Napolitano*, 577 F.3d 988, 988 (9th Cir. 2009).

Because we will have no need to address the portion of Rojas-Lopez's motion to reopen that relates to new evidence if the BIA reverses the IJ's March 27, 2006, decision on remand, we decline at this time to address that part of her petition for review. Instead, we stay that part of Rojas-Lopez's petition for review and retain jurisdiction over that part of Rojas-Lopez's motion to reopen. The parties shall provide this court with a copy of the BIA's decision on this limited remand within 45 days of its issuance.

**Petition for review GRANTED in part and STAYED in part; REMANDED in part.**