**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| NATALYA LVOVNA CHERNYKH, | Nos. 11-70992 & 10-70310 |
| Petitioner, | Agency No. A-088-906-743 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2013
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and HUFF, District Judge.**

In these consolidated petitions for review, Natalya Lvovna Chernykh

("Chernykh"), a native and citizen of Kazakhstan, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") affirming the denial of her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Marilyn L. Huff, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and denying her motion to reopen. She also petitions for review of a decision by the BIA denying her second motion to reopen. In number 10-70310, we deny the petition for review of Chernykh's application for asylum, withholding of removal and relief under CAT, and her first motion to reopen. However, in number 11-70992, we grant the petition for review of the BIA's denial of Chernykh's second motion to reopen and remand for further consideration.

**No. 10-70310**

1.     Where, as here, the BIA adopts and affirms the immigration judge's ("IJ") decision with a citation to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review the IJ's decision as if it were the decision of the BIA. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review the factual findings underlying the denial of Chernykh's applications for relief for substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Chernykh does not argue that she suffered past persecution. Rather, she claims that she will be persecuted because of her religion if she is removed to Kazakhstan. In order to establish the well-founded fear of persecution necessary to support a claim of asylum or withholding of removal, Chernykh must show that her fear is both subjectively genuine and objectively reasonable. *Ahmed v. Keisler*,

2

504 F.3d 1183, 1191 (9th Cir. 2007). Although Chernykh credibly testified to her subjective fear of persecution, the documentary evidence that she presented suggests only that she would face harassment, disruption of religious services and possible fines or detention if returned to Kazakhstan. Such harms do not rise to the level of persecution. *See Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007); *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006). Chernykh likewise failed to present any evidence that she would face torture if she returned to Kazakhstan. Accordingly, substantial evidence supports the BIA's conclusion that Chernykh did not establish that her fear of persecution was objectively reasonable, and that she was not eligible for asylum or withholding of removal. Substantial evidence also supports the BIA's determination that Chernykh is not entitled to relief under the CAT.

**2.** We review the denial of a motion to reopen for abuse of discretion. *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). A motion to reopen requires a showing that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

Chernykh's first motion to reopen included fourteen additional documents that were not presented to the IJ, including two declarations, additional news

3

articles, and country conditions reports. Four of these documents were available at the time of her asylum hearing. Moreover, Chernykh provided no explanation for why the declarations included in her motion were unavailable at the time of the hearing. The remaining documents discussed continued efforts to regulate and harass religious organizations in Kazakhstan and reiterated experiences of fines and seizures of property already addressed by the IJ. Because the evidence presented in Chernykh's first motion to reopen was either previously available, or not material to her claims, the BIA did not abuse its discretion in denying Chernykh's first motion to reopen.

**No. 11-70992**

3. Chernykh's second motion to reopen was untimely. A motion to reopen must be filed no later than ninety days after the date of that decision. 8 C.F.R. § 1003.2(c)(2). Equitable tolling of this time limit may be allowed where a petitioner has been prejudiced by ineffective assistance of counsel or conditions in the petitioner's home country have changed. *See Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir. 2003); 8 C.F.R. § 1003.2(c)(3)(ii). Chernykh argues that both exceptions apply here. We first consider her ineffective assistance of counsel claim.

4

**4.** Due process violations, including claims of ineffective assistance of counsel, are reviewed de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). Ineffective assistance of counsel in an immigration proceeding results in the denial of due process "'if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985)). To prevail, Chernykh must show (1) that counsel failed to perform with sufficient competence, and (2) that she was prejudiced by her counsel's performance. *See Mohammed*, 400 F.3d at 793.

Chernykh argues that she received ineffective assistance of counsel during her asylum hearing because her counsel failed to investigate fully and present the factual basis for her asylum claim and, therefore, did not properly obtain the necessary documentary evidence to support her claim that Evangelical Christians in Kazakhstan are subject to persecution. Chernykh's counsel submitted to the IJ several news articles concerning the treatment of religious minorities, including Evangelical Christians, in Kazakhstan. These documents discussed the registration requirements imposed on religious organizations by the government of Kazakhstan, as well as the harassment, raids, fines and detention that unregistered religious organizations and their members experienced.

None of the documents submitted by Chernykh's counsel presented any information on the violence or physical persecution faced by Evangelical Christians. Accordingly, although the IJ found Chernykh's testimony credible, she could not find within the documentary evidence, "any form of persistent harm being visited on religious minorities that would . . . rise to the level of persecution." The IJ noted, in particular, that "the Court heard the testimony of no witnesses . . . regarding the likelihood of persecution of evangelical Christians in Kazakhstan." According to Chernykh's sworn declaration, however, she and her counsel had access to three witnesses who had personal knowledge of the experiences of Evangelical Christians in Kazakhstan and were willing to provide declarations on the topic. Moreover, two of these witnesses were willing to testify regarding the violence and harassment Evangelical Christians experienced in Kazakhstan, and may have provided the necessary evidence of persecution to establish Chernykh's claim as objectively reasonable had they been called to testify at Chernykh's hearing.

Considering the failure of Chernykh's counsel to provide material documentary evidence to support Chernykh's subjectively genuine claim, the inexplicable omission of declarations and testimony readily available from material witnesses, and the IJ's conclusion that, had counsel been able to provide evidence

6

of persecution of Evangelical Christians in Kazakhstan, "the Court's view of the case would likely be different," we conclude that Chernykh's counsel acted without sufficient competence. In failing to provide any documentary evidence of persecution in Kazakhstan, or to draw upon the resources readily available to her, Chernykh's counsel failed to reasonably present her client's case, denying Chernykh due process. *See Ortiz*, 179 F.3d at 1153. Accordingly, we grant the petition on this limited basis.

5.     Because the BIA concluded that Chernykh's counsel acted with sufficient competence, it did not address the second question of whether counsel's performance prejudiced Chernykh. Therefore, we remand to the BIA for consideration of the question of prejudice and whether Chernykh's untimely motion to reopen should be equitably tolled.

6.     In light of the above disposition, we need not address whether the BIA abused its discretion in rejecting Chernykh's claim of changed country conditions, the alternative basis for her motion to reopen.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**

The parties shall bear its own costs on appeal.