NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALISHER MEVLYUDOV, | No. 19-70694 |
| Petitioner, | Agency No. A213-089-162 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2020**
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and BOLTON,*** District
Judge.

Alisher Mevlyudov ("Petitioner"), a native and citizen of Uzbekistan,

petitions for review of a Board of Immigration Appeals ("BIA") order dismissing

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

his appeal from an Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *See* 8 U.S.C. §§ 1158(b)(1), 1231(b)(3); 8 C.F.R. § 1208.16(c)(2). Petitioner further petitions for review of the BIA's denial of his motion to remand, and requests that we remand his case for reconsideration by a new IJ because the previous IJ's "prejudicial attitude" violated his due process rights.

Our jurisdiction is governed by 8 U.S.C. § 1252. When the BIA conducts its own review of the evidence and the law, "our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We review denials of asylum, withholding of removal, CAT relief, and all purely factual findings for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). The BIA's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the BIA's determination of purely legal questions de novo. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review the BIA's denial of a motion to remand for abuse of discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We review due

process violations in immigration proceedings de novo. *Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003).

## I.     Asylum & Withholding of Removal

Substantial evidence supports the BIA's determination that Petitioner has not shown that the harm he fears if returned to Uzbekistan would be attributable to a statutorily protected ground. *See* 8 U.S.C. § 1158(a); *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992) (requiring direct or circumstantial evidence of persecutors' motive to establish causal nexus). Petitioner's proposed social group related to his being a car salesman lacks the requisite particularity and social distinction to qualify as a particular social group within the meaning of the Immigration and Nationality Act. *See Reyes v. Lynch*, 842 F.3d 1125, 1134–37 (9th Cir. 2016) (discussing particularity and social distinction requirements).

Substantial evidence also supports the BIA's determination that the police officers' extortive acts described by Petitioner were not motivated by any political opinion held by or imputed to him. While Petitioner may have declined to comply with the officers' demands, simply demonstrating resistance to criminal extortion efforts and consequent retaliation is insufficient to establish a nexus between past or feared harm and a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated

by theft . . . bears no nexus to a protected ground."). We agree with the BIA that Petitioner is ineligible for asylum and withholding of removal.

## II.    CAT Protection

Substantial evidence supports the BIA's conclusion that Petitioner has failed to show that it is more likely than not that he would be tortured if returned to Uzbekistan. 8 C.F.R. § 1208.16(c)(2). Petitioner has not presented evidence of a particularized threat of torture by or because of the Uzbek government. *See* 8 C.F.R. § 1208.18(a)(1) (limiting CAT relief to torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"). Critically, Petitioner's claims of generalized corruption among police officers are not particular to him and are therefore insufficient to meet the CAT standard. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (stating that "generalized evidence of violence and crime" is insufficient to meet CAT standard). We agree with the BIA that Petitioner is ineligible for CAT protection.

## III.    Motion to Remand

The BIA did not abuse its discretion in denying Petitioner's motion to remand to reapply for asylum, withholding of removal, and CAT protection because Petitioner failed to demonstrate prima facie eligibility for relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is

4

entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief."); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements of a motion to remand and a motion to reopen are the same."). Petitioner claims that he "is certain to be persecuted based on his opinion that he should have the right to apply for asylum." Yet most of the "new" evidence submitted alongside his motion predates his February 23, 2018 hearing before the IJ. Indeed, the only new evidence that was not previously available pertains to country conditions unrelated to Petitioner's claim that returning Uzbek asylum seekers are subject to persecution or torture. And Petitioner, who seeks remand on account of his status as a "known asylum seeker[]," has failed to demonstrate that he is similarly situated to those referenced in the evidence submitted alongside his motion. It is unclear, for example, how Petitioner resembles the returning Uzbeks from Central Asian nations who were subjected to religious persecution, or the returning Uzbeks from Norway who were accused of lying to obtain asylum. We agree with the BIA that the new evidence does not demonstrate Petitioner's prima facie eligibility for relief or otherwise affect the outcome of the case.

## IV.    Due Process Violation

We may reverse the BIA's decision on due process grounds only if the underlying proceeding before the IJ was "so fundamentally unfair that the alien

was prevented from reasonably presenting his case." *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985); *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (stating that petitioner must show error and prejudice to establish due process violation). Here, the underlying IJ proceeding was not tainted by such fundamental unfairness. Petitioner only alleges that the IJ's "incorrect credibility findings [] illustrate her prejudiced attitude towards [him]." However, despite identifying inconsistencies in Petitioner's hearing testimony and application for asylum, the IJ ultimately made a positive credibility determination—which the BIA acknowledged as well. *Cf. Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016) (stating that even "showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough" to establish due process violation). We reject Petitioner's due process claim because he has demonstrated neither error nor prejudice on the IJ's part.

**PETITION FOR REVIEW DENIED.**

19-70694