NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YANETH ADILENI ESTRADA RIOS; MELANY GUADALUPE GALLARDO ESTRADA; NATALY WILEIDY GALLARDO ESTRADA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 18-72818

Agency Nos. A208-195-307
A208-195-308
A208-195-309

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2023**
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Yaneth Estrada Rios ("Estrada Rios"), a native and citizen of Mexico,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing her appeal from an order of an immigration judge ("IJ") denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Melany Guadalupe Gallardo Estrada and Nataly Wileidy Gallardo Estrada, Estrada Rios's children and derivative beneficiaries of her application, also petition for review of the BIA's decision. We have jurisdiction under 8 U.S.C. § 1252. Because the BIA affirmed without an opinion, we review the IJ's decision. *Lanza v. Ashcroft*, 389 F.3d 917, 919 (9th Cir. 2004). We review the IJ's factual findings for substantial evidence. *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012). We review claims of due process violations de novo. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

1.     To prevail on a due process claim, a petitioner must demonstrate that the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting [her] case." *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985); *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (stating that petitioner must show error and prejudice to establish due process violation). Estrada Rios has not shown such fundamental unfairness. She argues that the IJ did not "apply regulations which benefitted" her, but she fails to identify the regulations the IJ allegedly failed to apply. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed

2

abandoned."). She also disagrees with how the IJ applied the applicable law to the evidence, but she has demonstrated neither error nor prejudice on the IJ's part and thus fails to establish a due process violation. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Estrada Rios's argument that the BIA's summary affirmance violated her due process rights also fails. *See* 8 C.F.R. § 1003.1(d)(2)(i); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–52 (9th Cir. 2003) (holding that the BIA's streamlined decision did not violate due process).

2.    Substantial evidence supports the agency's denial of Estrada Rios's applications for asylum and withholding of removal based on the IJ's determination that Estrada Rios failed to show the requisite nexus between any past or feared future harm and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The IJ found "no particular social group into which" Estrada Rios would fall. Estrada Rios does not challenge this finding and does not assert that any past persecution or feared future persecution is on account of any other protected ground. *See* 8 U.S.C. §§ 1101(a)(42)(A); 1231(b)(3)(A).

Because the lack of a nexus to a protected ground is fatal to Estrada Rios's asylum and withholding claims, *see Riera-Riera v. Lynch*, 841 F.3d 1077, 1081

3

(9th Cir. 2016), we need not consider the IJ's additional finding that the harm Estrada Rios experienced and feared did not rise to the level of persecution.

3.      Estrada Rios does not make any arguments to support her challenge to the agency's denial of CAT protection and, thus, fails to meaningfully challenge the agency's decision.  *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015) (explaining that issues not specifically raised and argued in a party's brief are waived).

**PETITION DENIED.**